UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN DOE, *IP address* 108.253.176.68,<br><br>      Defendant. | Case No.:  24-cv-2479-BJC-KSC<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE** |

**I. BACKGROUND**

On December 27, 2024, plaintiff, Strike 3 Holdings, LLC, filed a Complaint against defendant John Doe subscriber assigned IP address 108.253.176.68, asserting a single claim for direct copyright infringement. Doc. No. 1. Plaintiff alleges it is the owner of "award-winning, critically acclaimed adult motion pictures" and defendant is "stealing these works on a grand scale" by "committing rampant and wholesale copyright infringement . . . " *Id*. at ¶¶ 2-4. Plaintiff further alleges that defendant downloaded, copied, and distributed plaintiff's works without authorization, permission, or consent, and that defendant's infringement was continuous and ongoing. *Id*. at ¶¶ 44-51. Defendant's name and address are unknown to plaintiff, who can identify defendant only by IP address 108.253.176.68. *Id*. At ¶ 13. Plaintiff lastly claims that the infringement occurred

1

anonymously, but that defendant's Internet Service Provider ("ISP"), AT&T Inc., can identify defendant through his or her IP address. *Id.* at ¶ 5. To investigate the infringement, plaintiff requires the subscriber's identity, which is maintained by the ISP, but cannot be disclosed by the ISP save by court order. Doc. No. 40-1 at 7.[1] Through plaintiff's *ex parte* application, plaintiff seeks the Court's leave to serve a subpoena on AT&T, Inc. pursuant to Federal Rule of Civil Procedure 45 to "learn defendant's identity, further investigate defendant's role in the infringement, and effectuate service." *Id.* at 7-8. Plaintiff alleges "without [that] information, plaintiff cannot serve defendant nor pursue this lawsuit and protect its copyrights." *Id*. at 8.

## II. LEGAL STANDARDS

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless such discovery is "authorized" by the Court. Fed. R. Civ. P. 26(d)(1). A court may allow "limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Courts authorize such "expedited discovery" where the need for the information "outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc*., 208 F.R.D. 273, 276 (N.D. Cal. 2002). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co*., 185 F.R.D. at 578 (citation omitted).

When the defendant's identity is unknown at the time the complaint is filed, a court may grant leave to take early discovery to determine the defendant's identity "unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642. "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure that [the] plaintiff has

---

[1] Page number citations to briefs and other documents filed with the Court reflect CM/ECF's assigned pagination.

standing to pursue an action against [the] defendant," the applicant "must make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at . . . identifying . . . the person who committed the act." *Columbia Ins. Co.*, 185 F.R.D. at 579-80.

### III. DISCUSSION

When considering motions for early discovery to identify the defendant, courts apply a three-factor test. *Columbia Ins. Co.,* 185 F.R.D. at 578-80. First, the applicant should "identify the missing party with sufficient specificity such that the Court can determine the defendant is a real person or entity who could be sued in federal court." *Id*. at 578. Second, the applicant "should identify all previous steps taken to locate the elusive defendant." *Id*. at 579. Third, the applicant should establish that the "suit against [the] defendant could withstand a motion to dismiss." *Id*. The Court considers each of these factors as applied to plaintiff's request for expedited discovery.

### A. Identification of Missing Parties with Sufficient Specificity

A plaintiff can satisfy its burden of identifying the missing party with specificity by "identify[ing] the unique IP addresses" of the allegedly infringing individuals and then "us[ing] geolocation technology to trace these IP addresses to a point of origin." *See Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011); *see also Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 305 (E.D. Cal. 2016) (noting a specific IP address is sufficient to identify a real person). Here, plaintiff used "Maxmind," a commonly used geolocation technology to isolate, identify, and trace defendant's IP address to San Diego, which falls within this Court's jurisdiction. Doc. No. 4-1 at 12; *see also* Doc. No. 4-2 at 30. The Court finds plaintiff has "sufficiently shown" defendant is a "real person[] likely residing in California who may be sued in this Court." *Pink Lotu*s, 2011 WL 2470986, at *3.

### B. Attempts to Locate Defendant

Next, plaintiff must identify all steps taken to identify and effect service upon defendant. *See Columbia Ins. Co.*, 185 F.R.D. at 579. "Good cause [to permit early

discovery] exists where a plaintiff has exhausted its means to identify the defendant through publicly available information and has no other way to identify" the defendant. *Amazon.com Inc. v. Vivcic*, No. C23-486-JHC-MLP, 2023 WL 6196861, at *2 (W.D. Wash. Sept. 22, 2023). Plaintiff reports they have "diligently attempted to correlate" defendant's IP address to defendant through ample methods, including basic search engines, additional sources of authority, computer investigators, and cyber security consultants. Doc. No. 4-1 at 14. Despite these efforts, plaintiff is unable to identify defendant and has "exhausted all other alternatives." *Id*. Accordingly, the Court finds plaintiff made a good-faith effort to identify and locate defendant before filing the instant application.

### C. Ability to Withstand a Motion to Dismiss

An entertainment company can state a prima facie claim for copyright infringement by alleging unlawful downloading of its copyrighted works. *See Malibu Media*, 319 F.R.D. at 305. Plaintiff's Complaint alleges a single cause of action against defendant for direct copyright infringement. *See generally* Doc. No. 1. Plaintiff claims ownership of the works, which are an "original work of authorship," and which defendant "copied and distributed" without "authoriz[ation], permi[ssion] or consent." *Id*. at ¶¶ 49-51. The Court finds plaintiff has alleged a prima facie case of direct copyright infringement against defendant that would likely withstand a motion to dismiss for failure to state a claim.

Plaintiff also bears the burden of establishing jurisdictional facts. *See Columbia Ins. Co.*, 185 F.R.D. at 578 (citation omitted). Identifying a defendant with geolocation technology makes a prima facie showing of jurisdiction over that defendant. *Criminal Prods., Inc. v. Doe*, No. 16-cv-02353-DMS-MDD, 2016 WL 6070355, at *3 (S.D. Cal. Oct. 17, 2016). Plaintiff used geolocation technology to trace defendant's IP address to "a location in San Diego, California, which is within this Court's jurisdiction." Additionally, prior to filing the Complaint, plaintiff confirmed that IP address 108.253.176.68 continued to trace to this district. Doc. No. 4-2 at 30. These facts are sufficient to show "that it is likely that the [d]efendant is located within the Southern District of California and is

subject to the personal jurisdiction of the Court." *Criminal Prods*, 2016 WL 6070355, at *3. The Court, therefore, finds plaintiff has alleged enough facts to show it can likely withstand a motion to dismiss for lack of personal jurisdiction.

For the same reason, venue appears proper. Civil actions for copyright infringement "may be instituted in the district in which defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Plaintiff alleges "a substantial part of the events or omissions giving rise to the claims" occurred in this District, and defendant resides in this District. Doc. No. 1 at ¶ 11. The Court finds the Complaint could likely withstand a motion to dismiss for improper venue. For the reasons stated above, the Court finds plaintiff has established good cause to pursue expedited discovery. Plaintiff's request for leave to subpoena defendant's ISP provider is accordingly **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, plaintiff's Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [Doc No. 4] is **GRANTED**. It is hereby further **ORDERED**:

1. Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45 on AT&T, Inc. for the sole purpose of obtaining the name and address only of defendant John Doe, based on the IP address listed in the Complaint: 108.253.176.68. The subpoena shall *not* seek defendant's telephone number, email address, or Media Access Control (MAC) address, as none of this information is necessary for plaintiff to identify and serve defendant.

2. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If AT&T, Inc. intends to move to quash the subpoena, it must do so prior to the return date of the subpoena. If a motion to quash or other customer challenge is brought, AT&T, Inc. must preserve the information sought by plaintiff pending resolution of the motion or challenge.

3. AT&T, Inc., shall have fourteen (14) calendar days after service of the subpoena upon it to notify its subscriber their identity has been subpoenaed by plaintiff. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from

the date of such notice to challenge the disclosure to plaintiff by filing an appropriate pleading with this Court contesting the subpoena.

      4. Plaintiff shall serve a copy of this Order with any subpoena served on AT&T, Inc. pursuant to this Order. AT&T, Inc., in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

      5. Plaintiff may use the information disclosed pursuant to the subpoena only in pursuing this litigation.

      6. No other discovery is authorized at this time.

**IT IS SO ORDERED.**

Dated:  March 17, 2025

Hon. Karen S. Crawford
United States Magistrate Judge